UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

DENISE PALMER,

                                Plaintiff,    **ANSWER**

               -against-                    07 Civ. 6955 (NRB)

THE CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF EDUCATION, and RONNA
BLEADON,

                              Defendants.

------------------------------------------------------------------- x

        Defendants the City of New York and the New York City Department of Education ("City defendants") by their attorney, Michael A. Cardozo, answer the complaint as follows:

        1.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the complaint.

        2.    Deny the allegations set forth in paragraph "2" of the complaint except admit that defendant City of New York is a municipal corporation lawfully organized and existing under the laws of the state of New York.

        3.    Deny the allegations set forth in paragraph "3" of the complaint.

        4.    Deny the allegations set forth in paragraph "4" of the complaint except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

        5.    Deny the allegations set forth in paragraph "5" of the complaint and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

6. Deny the allegations set forth in paragraph "6' of the complaint except deny knowledge of information sufficient to form a belief as to so much of said paragraph which alleges plaintiff's race, except admit that plaintiff was employed by the New York City Department of Education ("DOE") as a school aide on August 12, 2004 and was assigned to the Louis and Clark School, at 2555 Tratman Avenue, Bronx, New York.

7. Deny the allegations set forth in paragraph "7" of the complaint except admit that on August 12, 2004 defendant Ronna Bleadon, a Caucasian Female, was employed as a Principal by the New York City Department of Education at the Louis and Clark School.

8. Deny the allegations set forth in paragraph "8" of the complaint except deny knowledge or information sufficient to form a belief as to what the unserved defendant Bleadon did.

9. Deny the allegations set forth in paragraph "9" of the complaint.

10. Deny the allegations set forth in paragraph "10" of the complaint.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

**AS AND FOR A FIRST DEFENSE**

15. The complaint fails to state a claim upon which relief may be granted.

**AS AND FOR A SECOND DEFENSE**

16. City defendants have not violated any rights, privileges or immunities secured to plaintiff under the Constitution and laws of the United States as well as the Constitution and laws of the State of New York, or of the City of New York nor have they violated any act of Congress providing for the protections of civil rights.

6. Deny the allegations set forth in paragraph "6' of the complaint except deny knowledge of information sufficient to form a belief as to so much of said paragraph which alleges plaintiff's race, except admit that plaintiff was employed by the New York City Department of Education ("DOE") as a school aide on August 12, 2004 and was assigned to the Louis and Clark School, at 2555 Tratman Avenue, Bronx, New York.

7. Deny the allegations set forth in paragraph "7" of the complaint except admit that on August 12, 2004 defendant Ronna Bleadon, a Caucasian Female, was employed as a Principal by the New York City Department of Education at the Louis and Clark School.

8. Deny the allegations set forth in paragraph "8" of the complaint except deny knowledge or information sufficient to form a belief as to what the unserved defendant Bleadon did.

9. Deny the allegations set forth in paragraph "9" of the complaint.

10. Deny the allegations set forth in paragraph "10" of the complaint.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

## AS AND FOR A FIRST DEFENSE

15. The complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE

16. City defendants have not violated any rights, privileges or immunities secured to plaintiff under the Constitution and laws of the United States as well as the Constitution and laws of the State of New York, or of the City of New York nor have they violated any act of Congress providing for the protections of civil rights.

## AS AND FOR A THIRD DEFENSE

17. All of City defendants' employment decisions and actions concerning the plaintiff were based on legitimate, non discriminatory business considerations.

## AS AND FOR A FOURTH DEFENSE

18. The conduct of the City defendants was at all times lawful, proper and carried out in conformity with the Constitution and laws of the United States as well as the Constitution and laws of the State of New York and all applicable rules and regulations of the City of New York.

## AS AND FOR A FIFTH DEFENSE

19. City Defendants have not and did not engage in a policy and practice or custom in discriminating or retaliating against plaintiff or anyone else based on race.

## AS AND FOR A SIXTH DEFENSE

20. The Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

## AS AND FOR A SEVENTH DEFENSE

21. The injuries, if any, alleged to be sustained by plaintiff on the occasions mentioned in the Complaint, were wholly, or in part, caused by the culpable conduct of plaintiff.

**WHEREFORE, City** defendants respectfully request judgment dismissing the complaint together with such other relief as the Court deems just and proper.

Dated:      New York, New York
            December 21, 2007

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                           City of New York
                                        Attorney for City defendants
                                        100 Church Street
                                        Room 2-171
                                        New York, New York  10007
                                        (212) 788-0897

                                        By: _____
                                           ISAAC KLEPFISH (IK-3478)
                                           Assistant Corporation Counsel
                                           iklepfis@law.nyc.gov

4

07 Civ. 6955 (NRB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENISE PALMER,

                                      Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY DEPARTMENT OF EDUCATION, and RONNA BLEADON,

                                      Defendants.

**ANSWER OF THE CITY OF NEW YORK AND THE NEW YORK CITY DEPARTMENT OF EDUCATION**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for City defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Isaac Klepfish*
*Tel: (212) 788-0897*
*NYCLIS No.*

*Due and timely service is hereby admitted.*
*New York, N.Y. ........................................, 200......*
*........................................................................ Esq.*
*Attorney for ...........................................................*

5